## WILLIAM ROBBINS

*v.*

## DAVID ROTH.

*Filed at Ottawa June 16, 1880.*

1. EVIDENCE—*as to motive of party in making special contract.* In an action by a real estate broker, against a person whose land the plaintiff claimed to have sold, to recover for services in making the sale, under an alleged special agreement in regard to the amount per acre to be paid as compensation, evidence offered by the plaintiff, showing all the negotiations between the parties relating to the sale of the land as the inducement to make the particular terms relied upon, might well be rejected as having no bearing on the issue being tried.

2. EXCEPTION—*when necessary.* A party can not avail of any supposed error of the trial court in the rejection of evidence offered, unless it appears an exception was taken to the decision of the court in making such ruling.

3. INSTRUCTIONS—*if inconsistent, but working no injury.* In an action to recover for services the court gave on behalf of the defendant two instructions, in one of which was laid down the correct rule to govern the jury in case there was evidence to justify a recovery on a *quantum meruit.* The other, in substance, directed the jury that no recovery could be had unless a special contract was proven. The plaintiff stated, on the trial, that he expected to recover only upon a special contract, and did not offer any evidence as to the services rendered or their value. While the two instructions were not entirely in harmony with each other, it was considered the jury were not likely to have been misled by them; so, the objection that they were not consistent would not avail as ground of reversal.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the City Court of Aurora, the Hon. CHARLES D. F. SMITH, Judge, presiding.

Mr. D. J. CROCKER, for the appellant:

The court erred in overruling plaintiff's motion for a new trial and in entering judgment against him.

The first error was, in rejecting the offered testimony of the plaintiff to show all the negotiations between the parties relating to the sale of the land and services rendered, as the inducement to make particular terms for the sale.

The defendant's fourth instruction submits, in a manner, the question of a recovery under the *quantum meruit;* while the seventh is directly contradictory of the former, and withdrew all consideration of the *value* of the plaintiff's services, thereby confusing and misleading the jury in the consideration of the evidence on a material question and issue made by the pleadings.

The defendant's sixth instruction is misleading and erroneous, in being based upon a partial view of the facts, and directing attention only to those most favorable to the defendant, and leaving out all concurrent facts and circumstances sustaining the plaintiff's theory of the case.

We submit that the verbal modification of the contract as first obtained, and prompt closing by deed and mortgage with the same purchasers,—with a consent to such modification by plaintiff, and in the entire absence of any claim that he released his right to commissions,—are facts not to be overlooked in an instruction purporting to give a summary of the principal facts in the case; and that neither the fifth nor sixth instruction, under the facts here shown, can be said to correctly give the law as applied to this case, and laid down in the following: *Rees & Ayer* v. *Spruance*, 45 Ill. 308; *Short* v. *Millard*, 68 id. 292; *Carter* v. *Webster*, 79 id. 435; *Wood* v. *Stephens*, 46 Mo. 555; *Glenworth* v. *Luther*, 21 Barb. 145; *Rice* v. *Mayo*, 107 Mass. 550; *Steward* v. *Mather*, 32 Wis. 344; *Lawrence et al.* v. *Atwood*, 1 Bradw. 218; Wharton on Agency, sec. 328, p. 327, n. 3.

We further submit, that the first instruction given for the defendant in this case by the city court is erroneous, and, therefore, misleading; and the second and ninth, following on, are open to a like objection, when considered with the facts fully established in this case, and were calculated to mislead the jury.

Messrs. GARY, CODY & GARY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by William Robbins, a real estate broker, in the city court of Aurora, against David Roth, to recover $10 per acre on account of an alleged sale of 200 acres of land owned by the defendant. On the trial of the cause before a jury, a verdict was rendered in favor of the defendant, upon which the court entered a judgment. This judgment, on appeal to the Appellate Court, was affirmed.

It is contended by the plaintiff that the court, on the trial, erred in refusing to allow him to show all the negotiations between the parties relating to the sale of the land as the inducement to make the particular terms relied upon. What motive the plaintiff may have had in making a definite contract with the defendant, if proven, would have been of little or no service to the jury in determining the questions in issue between the parties, and for this reason the offered evidence might have been rejected; but if the offered proof could have had any possible bearing on the case, the plaintiff is in no position to take advantage of the ruling of the court, for the reason that no exception was taken to the decision of the court at the time it was made, as will appear upon an inspection of the record, at page 22, where the offered evidence appears in the transcript.

It is also insisted that the court erred in giving defendant's fourth and seventh instructions—that the two are contradictory. The two instructions may not be entirely in harmony, but it is difficult to perceive how they could mislead the jury. The fourth announces a correct rule to govern the jury, if there was evidence to justify a recovery on the *quantum meruit;* while the seventh, in substance, informs the jury that no recovery could be had unless a special contract was established by the evidence. This last instruction was fully justified from the declaration of the plaintiff, on the trial, that he only expected to recover under and by virtue of a

special contract entered into between him and the defendant. Besides, the plaintiff did not attempt to recover by proving that he rendered certain services, and then proving what those services were worth.

As to the first, second, sixth and ninth instructions, which have been criticised, we perceive no substantial objection to them. Indeed, the questions involved in the case were purely questions of fact, which the jury could readily understand as well without instructions as they could with them, and we are unwilling to believe that the jury were in the least misled by the instructions of the court. Under the contract entered into between the parties, unless the plaintiff sold the land, consisting of three 80-acre tracts, for the defendant, for more than $210 per acre, he was to receive no compensation whatever, but if he sold for more than that amount, he was to have the excess. Whether plaintiff made sale of the land was a question of fact for the jury, and by the verdict they found he did not, and the evidence, in our judgment, was ample to sustain the finding.

The judgment will be affirmed.

*Judgment affirmed.*